**BRADLEY et al.  v.  DEWEY et al.**

United States District Court,
S. D. New York.
March 1, 1954.

Brenner, Hannan & Murphy, New York City, for plaintiffs, Thomas Sheehan, Arthur Kamell, of New York City, of counsel.

Whitman Knapp, New York City, for defendant Lawrence E. Walsh, David Simon, New York City, of counsel.

Whitney North Seymour, Sp. Asst. Atty. Gen., for defendants Thomas E. Dewey, Merlyn S. Pitzele and Whitney N. Seymour, George G. Gallantz and Howard V. Ross, Sp. Asst. Attys. Gen., of counsel.

McGOHEY, District Judge.

In this action for injunctive relief only, the plaintiffs move for a temporary injunction to restrain the defendants from, among other acts, making available to the NLRB, directly or otherwise, information they have gathered relating to alleged acts of violence and intimidation during a recent representation election conducted by the NLRB to determine the collective bargaining agent of waterfront workers in the Port of New York.

The defendants move under Fed.Rules Civ.Proc. rule 12(b), 28 U.S.C.A., to dismiss the complaint on the grounds that this court lacks jurisdiction of the subject matter and that the complaint fails to state a claim on which relief can be granted.

The material facts as alleged in the complaint, which on the motions to dismiss must be taken as true, and in the plaintiffs' affidavits in support of their motion are in summary as follows.

The named defendants hold respectively the following public offices: Governor of New York, Chairman of the New York State Mediation Board, Executive Director of the Waterfront Commission of New York Harbor, and Special Assistant Attorney General of New York.

The election in question was held on Dec. 22 and 23, 1953. The tally by NLRB showed that the plaintiffs' Association received 9,060 votes, its rival 7,568, and 4,399 were challenged as invalid. Objections were filed by the rival union and are now under consideration by NLRB which is about to hold hearings thereon. The objections charge, among other things, that members of the plaintiffs' Association and their supporters, by acts of violence and intimidation, prevented a fair election.

On Dec. 27, 1953, Governor Dewey requested the defendants Pitzele and Walsh and the Police Commissioner of the City of New York to submit reports "on the events and atmosphere surrounding the election." Reports were subsequently furnished.

On Jan. 17, 1954, the defendant Seymour was appointed Special Assistant Attorney General to appear for the State of New York at the NLRB hearings in order to offer the reports and presumably any other available data, and to urge that the election be set aside.

At various times before and since the election Governor Dewey has publicly characterized the plaintiffs' Association as a "mob" and "gangster dominated," and has used his prestige as Governor to aid the rival union for the purpose of preventing certification of the plaintiffs' Association as bargaining agent of the waterfront workers.

It is claimed that the defendants' conduct, unless restrained, will constitute an "unconstitutional interference" with the normal processes of NLRB and with the "rights and lawful expectancies" of the plaintiffs' Association which together with the individual plaintiffs and those they represent will thereby suffer irreparable damage for which they have no adequate remedy at law.

An injunction is asked which would forbid not only the proposed appearance and argument before NLRB but, in addition, "any other acts, conduct or utterances in connection with the pending representation proceedings * * * or other present or future proceedings" before NLRB "arising from the representation proceedings * * *."

Whether or not this is in fact a suit to restrain the State of New York need not be now determined, although there seems to be little doubt that it is. Last year the Legislature of New York enacted laws, subsequently sustained by this court, which were designed to rid the New York waterfront of elements which were found on sufficient evidence to be associated with the plaintiffs' Association and engaged in organized crime on the waterfront to the great detriment of the industry of the port and the community. The contested election which gives rise to this suit was one of the results of the disclosures of the State's investigation which preceded the legislation. The Governor is bound under the State Constitution and his oath of office to carry out the legislative policy with respect to New York's waterfront, and to enforce the laws relating thereto. Thus it seems clear that he is performing an official duty in taking the obvious steps, here challenged, to bring to the attention of NLRB all facts within his knowledge relevant to the charges of intimidation and violence in the recent election.

In any event, the claim of the plaintiffs is clearly one on which relief cannot be granted. Nothing the defendants "threaten" to do is an "interference" with the exclusive jurisdiction of NLRB in the premises or with its "normal procedures." No provision of law or NLRB rules has been cited which bars New York or any one from asking to be heard by the Board or from offering such evidence or arguments as the Board is willing to hear. Indeed the Board's rules [1] expressly provide that "any person" may move to intervene in "any" Board proceeding. If the Board, as it may, decides to hear New York's evidence and arguments and thereafter makes an order adverse to the plaintiffs, they have a complete and adequate remedy at law through resort to an appropriate Court of Appeals for relief from the Board's order. This Court has no jurisdiction to decide in advance what evidence the Board may receive in its hearings.[2]

No discussion appears necessary about the prayer for an order silencing the defendants now and forever on matters relating to the present or future proceedings before NLRB.

Since the complaint's defects are incapable of correction by amendment, it is dismissed on the merits. Accordingly the motion for temporary injunction is denied.

It is so ordered.

1. 29 CFR Part 102, § 102.57(b).

2. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50, 58 S.Ct. 459, 82 L.Ed. 638.